Johnson v. Moulton.

---

## Abraham Johnson, appellant v. Thomas Moulton, appellee.

### *Appeal from Warren.*

It is a well settled rule of law, that in trials by jury, the weight of testimony is a question to be decided by the jury exclusively. The decision, consequently, cannot be assigned for error.

*Semble,* That on an application to a Circuit Court to set aside a verdict of a jury because it is against the weight of testimony, the case must be a flagrant one to justify the Court in disturbing the verdict.

Where a witness for the defendant, on the trial of a cause, stated that he carried a message from the defendant to the plaintiff, and the counsel for the plaintiff thereupon asked the witness "What was his reply?" and the defendant objected to the witness' answering the question, and the Court overruled the objection: *Held* that the decision of the Court was correct.

In order to sustain an action to recover pay for improvements made upon the public lands, all that it is necessary for the plaintiff to prove, is, that the defend-

Johnson *v.* Moulton.

ant promised expressly to pay for the improvements. If the price to be paid be not agreed on, the contract is binding, and the value of the improvements must be ascertained by proof.

THIS cause was tried at the October term, 1836, of the Warren Circuit Court, before the Hon. Richard M. Young and a jury. Verdict and judgment were rendered for the appellee, for $21,65.

L. DAVIS and F. FORMAN, for the appellants, cited Printed Opinions, 79, 117, 294.(1)

O. H. BROWNING, for the appellee, cited 1 Stark. Ev. 48; 2 do. 42–3.

LOCKWOOD, Justice, delivered the opinion of the Court:

This action was originally commenced before a justice of the peace, by Moulton against Johnson, and brought into the Circuit Court of Warren county by appeal. The cause was tried by a jury in the Circuit Court, and a verdict and judgment given in favor of Moulton. The errors assigned are, 1st, The judgment in the Circuit Court was given against the weight of testimony. 2d, The Court erred in permitting the conversation of the plaintiff below to be received in evidence. And, 3d, The Court instructed the jury that they must find for the plaintiff, if they believed that a contract, either express or implied, was entered into between the parties, in relation to the improvements upon the land referred to in the record. In relation to the first error assigned, it is a well settled rule of law in trials by jury, that the weight of testimony is a question to be decided by the jury exclusively. The decision, consequently, cannot be assigned for error. Had there been an application to the Court below for a new trial on this ground, the case ought to have been a flagrant one, to have justified the Court in disturbing the verdict. In reference to the second error, the bill of exceptions discloses the following state of facts: Johnson called a witness and asked him if he had delivered a message to Moulton, in relation to the controversy between them; and upon the question being answered in the affirmative by the witness, with a statement of the nature of the communication sent by the defendant to the plaintiff, the latter asked the witness "What was his reply?" The answer to this question is the conversation referred to in the assignment.

When the defendant gave in evidence a message from himself to the plaintiff, having relation to the merits of the dispute between them, if the plaintiff had remained silent, an inference might have been drawn by the jury, that the plaintiff acquiesced. The answer of the plaintiff was therefore relevant, to rebut any such presumption, and was therefore correctly received in evidence for this purpose. The third error assigned, does not cor-

(1) *Ante* 113, 169, 173.

2s*

rectly state the charge of the judge. The charge was, that if the jury believed there was a promise to pay for the improvements, although there was no express contract as to the amount to be paid, that the law raised an implied agreement to pay their worth or value. The "*Act to provide for the collection of demands growing out of contracts for sales of improvements on public lands*,"(1) passed February 13th, 1831, makes all contracts, promises, or undertakings, for the sale, purchase, or payment of improvements made on the public lands, valid in law or equity, and they may be sued for and recovered, as in other contracts. In order to sustain an action under this act, all that it is necessary for the plaintiff to prove, is, that the defendant promised expressly to pay for the improvements. If the price to be paid be not agreed on, the contract is binding, and the value of the improvements must be ascertained, by proof. The law in such cases raises an implied *assumpsit* to pay the worth or value of the property sold. The charge of the Court was consequently correct.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See Smith v. Shultz, *Ante* 490-2, and note.